**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

UNITED STATES OF AMERICA

v.                                                                    Case No. 5:26-cr-11-TPB-PRL

ERIC DEVON LAZENBY,

    Defendant.

                                     /

**ORDER DENYING DEFENDANT'S "MOTION TO DISMISS INDICTMENT"**

This matter is before the Court on Defendant Eric Devon Lazenby's "Motion to Dismiss Indictment and Memorandum of Law," filed by counsel on March 11, 2026. (Doc. 31). On April 15, 2026, the United States filed a response in opposition. (Doc. 39). Upon review of the motion, response, court file, and the record, the Court finds as follows:

Defendant Eric Devon Lazenby is accused of sending threatening text messages and voicemails to two different FBI agents over a two-day period. The FBI agents' phone numbers were leaked on the internet in the wake of unrest that occurred in January 2026 in Minneapolis, Minnesota. Based on this conduct, Defendant has been charged in a four-count indictment with interstate transmission of threatening communications, pursuant to 18 U.S.C. § 875(c) (two counts) and cyberstalking, pursuant to 18 U.SC. § 2261A(2)(B) (two counts). In the instant motion, Defendant seeks to dismiss the indictment.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that the indictment "be a plain, concise, and definite written statement of the essential facts

constituting the offense charged and . . . signed by an attorney for the government."
Fed. R. Civ. P. 7(c)(1).  A sufficient indictment "(1) presents the essential elements of
the charged offense, (2) notifies the accused of the charges to be defended against, and
(3) enables the accused to rely upon a judgment under the indictment as a bar against
double jeopardy for any subsequent prosecution for the same offense."  *United States v.
Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010) (quoting *United States v. Woodruff*, 296
F.3d 1041, 1046 (11th Cir. 2002)).

When reviewing a motion to dismiss an indictment, a court considers whether
the Government has sufficiently alleged each of the elements of the offense charged
and, taking the allegations as true, whether a criminal offense has been stated.  *See,
e.g.*, *United States v. Plummer*, 221 F.3d 1298, 1302 (11th Cir. 2000).  A district court's
review is limited to the face of the indictment.  *United States v. Sharpe*, 438 F.3d 1257,
1263 (11th Cir. 2006).

In his motion, Defendant argues that the indictment is impermissibly vague by
failing to specify the threatening communications.  Upon careful consideration, the
Court finds the indictment is sufficient.  The indictment presents the essential
elements of each charged offense, tracking the language of the criminal statutes and
providing Defendant with sufficient notice of the facts.   Essentially identical or
similar charging language has been upheld.[1]  *See United States v. Elonis,* 730 F.3d
321, 332 (3d Cir. 2013), *reversed and remanded on other grounds*, 575 U.S. 723 (2015)
(explaining that a § 875(c) indictment sufficient even though it did not quote the

---

[1] Defendant has failed to provide, and the both the Government and Court have not located, a single case where a court dismissed an indictment with these types of charges solely because more facts (*i.e.*, quoting the specific threatening communications) could have been provided.

language of the allegedly threatening statements); *United States v. Howard*, 947 F.3d 936, 943 (6th Cir. 2020) (same); *United States v. Nissen*, 432 F. Supp. 3d 1298, 1319 (D.N.M. 2020) (same); *Ynited States v. Fleury,* 20 F.4th 1353, 1366 (11th Cir. 2021) (explaining that § 2261A(2)(B) indictment was sufficient where it tracked the language of the statute).   In addition, the specific text messages were listed in the complaint that initially charged Defendant, and both the text messages and voicemails were provided to Defendant in discovery.

Although Defendant may wish to challenge whether the communications constituted true threats, that sort of issue is almost always something that must be determined by the trier of fact.  *See United States v. Hussaini*, No. 19-60387-CR, 2022 WL 138474, at *5 (S.D. Fla. Jan. 14, 2022) (collecting cases).  The indictment is sufficient.  Accordingly, Defendant's "Motion to Dismiss Indictment and Memorandum of Law" (Doc. 31) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Ocala, Florida, this 2nd day of June, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE